# EXHIBIT A

ELECTRONICALLY FILED
2021 Feb 24 PM 3:48
CLERK OF THE BUTLER COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000035

U.S. Energy Expl. Corp.

vs.

Directional Drilling Systems, LLC

## SUMMONS

### Chapter 60 - Service by Attorney or Process Server

To the above-named Defendant/Respondent:

    Directional Drilling Systems, LLC
    c/o resident agent
    Hiram Lewis, III
    348 N. Roosevelt
    Wichita, KS  67208

You are hereby notified that an action has been commenced against you in this court. You are required to file your answer or motion under K.S.A. 60-212, and amendments thereto, to the petition with the court and to serve a copy upon:

    RYAN M PECK
    300 N. Mead
    Suite 200
    Wichita, KS 67202

within 21 days after service of summons on you.



Clerk of the District Court
Electronically signed  on 02/24/2021 03:55:27 PM

Documents to be served with the Summons:
PLE: Petition Petition

**Exhibit A**

ELECTRONICALLY FILED
2021 Feb 24 PM 3:48
CLERK OF THE BUTLER COUNTY DISTRICT COURT
CASE NUMBER: 2021-CV-000035

Jeffrey L. Carmichael, #11085
Ryan M. Peck, #21223
Jonathan A. Schlatter, #24848
MORRIS, LAING, EVANS, BROCK
 & KENNEDY, CHARTERED
300 N. Mead, Suite 200
Wichita, KS 67202
Telephone: (316) 262-2671
Fax: (316) 262-6226
rpeck@morrislaing.com
jcarmichael@morrislaing.com
jschlatter@morrislaing.com

## IN THE THIRTEENTH JUDICIAL DISTRICT
## DISTRICT COURT, BUTLER COUNTY, KANSAS

| | |
|---|---|
| U.S. ENERGY EXPL. CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DIRECTIONAL DRILLING SYSTEMS, LLC, ) | TITLE TO REAL ESTATE INVOLVED |
| ) | |
| Defendant. ) | |

Pursuant to K.S.A. Chapter 60

### PETITION

For its causes of action against Defendant Directional Drilling Systems, LLC ("DDS"), Plaintiff U.S. Energy Expl. Corp. ("Plaintiff") states and alleges as follows:

### PARTIES

1. Plaintiff is a Pennsylvania corporation registered with the Kansas Secretary of State and in good standing to do business in Kansas.

2. DDS is a Colorado limited liability company doing business in Butler County, Kansas. Defendant may be served with process by serving its registered agent, Hiram Lewis, III, at 348 N. Roosevelt, Wichita, Kansas.

1

Exhibit A

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the subject matter and parties to this action.

4. Venue is proper in Butler County, Kansas.

## FACTS COMMON TO ALL CLAIMS

5. Plaintiff and DDS are the working interest owners of the oil and gas leases and wells ("Joint Property") described in that certain Assignment, Bill of Sale and Conveyance dated effective July 1, 2015, recorded in Book 2016, Page 2264, of the office of the Register of Deeds of Butler County, Kansas.

6. Specifically and pursuant to said assignment, Plaintiff owns an undivided 60% working interest in the Joint Property, and DDS owns an undivided 40% working interest in the Joint Property.

7. Plaintiff and DDS entered into that certain Operating Agreement dated April 16, 2018 (the "JOA"), which agreement governs the operation and development of the Joint Property.

8. The JOA designates Plaintiff as the operator of the Joint Property and grants Plaintiff with full control of all operations of the Joint Property.

9. As operator, Plaintiff advances the costs and expenses of operating the Joint Property, and then bills DDS for its proportionate share of said costs and expenses.

10. Under the JOA, DDS is obligated to pay its bills in full within 15 days of receipt.

11. DDS has not once paid its bill in full.

12. As of January 5, 2021, the past-due balance of bills owed by DDS to Plaintiff totals $108,472.63, plus the charges described in the paragraph below ("JOA Debt").

13. The JOA provides that if payment of a bill is not made within 15 days of receipt, the unpaid balance shall bear interest compounded monthly at the prime rate published in the *Wall*

Exhibit A

*Street Journal* on the first day of each month the payment is delinquent, plus three percent (3%) per annum, plus attorney's fees, court costs, and other costs in connection with the collection of unpaid amounts.

14. To secure the performance of its obligations under the JOA, DDS granted Plaintiff a consensual lien and security interest (the "Consensual Lien") upon DDS' interest in the Joint Property, including leasehold interests, working interests, operating rights, royalty and overriding royalty interests, extracted oil and gas, equipment, accounts, contract rights, inventory, and general intangibles, and all proceeds and products of the foregoing.

15. In granting the Consensual Lien, DDS waived any and all rights of redemption, appraisement, stay of execution and bond.

16. On March 16, 2018, the prior operator of the Joint Property, Empire Energy (Midcon) LLC ("Empire"), filed a Statement of Lien on Wells, Pipeline, and Leaseholds for Oil and Gas Purposes (the "Statutory Lien") with the Clerk of the District Court, Butler County, Kansas, which lien is docketed as *Case No. 2018-SL-000010*.

17. The Statutory Lien secured past-due bills owed by DDS to Empire for costs and expenses incurred by Empire in operating the oil and/or gas leases, pipeline, and wells identified in the Statutory Lien, including the labor performed and materials and equipment furnished in completing, repairing, and operating the Liened Property.

18. The Statutory Lien amount claimed is $39,148.51 ("Lien Debt").

19. On July 24, 2018, Empire assigned all of its right, title, and interest to the Statutory Lien and underlying secured debt to Plaintiff through an Assignment, Conveyance, and Bill of Sale. Notice of that assignment was docketed in *Case No. 2018-SL-000010*.

Exhibit A

20. Plaintiff and DDS entered into a Tolling Agreement effective March 14, 2019. The Tolling Agreement provided, in part, that the time limitation to commence an action to foreclose the Statutory Lien would be tolled during the term of the Tolling Agreement and 30 days thereafter its expiration. The Tolling Agreement expired on February 5, 2021, so the time limitation to commence an action to foreclose the Statutory Lien remains tolled under the Tolling Agreement through March 8, 2021.[1]

21. The JOA Debt and Lien Debt shall collectively be referred to herein as the "Total Debt."

22. All of the Joint Property is included in the Liened Property.

## COUNT I – BREACH OF CONTRACT

23. Plaintiff incorporates by reference, as if set forth fully herein, paragraphs 1 through 22 of this Petition.

24. DDS has breached the terms of the JOA by failing and refusing to timely pay the bills it owes to Plaintiff related to the operation of the Joint Property.

25. DDS presently owes the JOA Debt to Plaintiff, which JOA Debt includes interest compounded monthly at the prime rate published in the *Wall Street Journal* on the first day of each month the payment is delinquent, plus three percent (3%) per annum, plus attorneys' fees, court costs, and other costs associated with the collection of unpaid amounts.

26. DDS presently owes to Plaintiff the Lien Debt, but has failed and refused to pay the Lien Debt to Plaintiff.

27. Plaintiff is entitled to a money judgment against DDS in the amount of the Total Debt, plus interest at the statutory rate.

---

[1] Statutory deadlines also remain stayed through at least March 31, 2021 by Kansas Supreme Court Administrative Order 2021-PR-009.

4

Exhibit A

## COUNT II – FORECLOSURE OF LIENS

28. Plaintiff incorporates by reference, as if set forth fully herein, paragraphs 1 through 27 of this Petition.

29. The Statutory Lien operates to secure the Lien Debt owed by DDS to Plaintiff, as assignee and successor in interest to the Lien Debt, for labor performed and materials and equipment furnished to complete, repair, and operate the Liened Property.

30. The Statutory Lien attaches to the Liened Property, which includes all of the Joint Property.

31. The Statutory Lien is preferred to all other liens or encumbrances which attach to the Liened Property subsequent to October 1, 2015 ("Statutory Lien Date"), the date Plaintiff's assignor and predecessor-in-interest to the Lien Debt commenced performing labor or furnishing materials and equipment in connection with completing, repairing, and operating the Liened Property.

32. The Consensual Lien operates to secure the JOA Debt that is owed by DDS to Plaintiff.

33. The Consensual Lien attached to the Joint Property, the as-extracted crude oil on the leases, and the proceeds from the sale of crude oil that have been paid into suspense by the first purchaser of production, Maclaskey Oilfield Services, Inc., among other jointly-owned property.

34. Plaintiff is entitled to have both the Statutory Lien and Consensual Lien (collectively, the "Liens") foreclosed and to have the Liened Property, which includes all of the

Exhibit A

Joint Property, sold at foreclosure sale and the proceeds from such sale applied in payment of its judgment for the Total Debt.

35. Upon the foreclosure of the Liens and the sale of the Liened Property, which includes all of the Joint Property, the proceeds from such sale should be paid as follows:

FIRST: To the court costs of the action, including the sheriff's expense and costs of publication;

SECOND: To payment of the Total Debt[2]; and

THIRD: The balance, if any, to the Clerk of the District Court pending further order of this Court.

36. The Liened Property, which includes all of the Joint Property, shall be sold in one sale and the Sheriff shall assign and convey one instrument of conveyance, and there shall be no appraisement of said property or period of redemption.

37. All liens or encumbrances against the Liened Property, which includes all of the Joint Property, filed after or relating back to a date in time after the Statutory Lien Date are subordinate and inferior to the Statutory Lien, and shall likewise be foreclosed.

## COUNT III – UNJUST ENRICHMENT

38. Plaintiff incorporates by reference, as if set forth fully herein, paragraphs 1 through 37 of this Petition.

39. Plaintiff and DDS are the undivided owners of the working interest in the Joint Property.

---

[2] The Total Debt includes interest on the JOA Debt compounded monthly at the prime rate published in the *Wall Street Journal* on the first day of each month the payment is delinquent, plus three percent (3%) per annum, plus attorneys' fees, court costs, and other costs associated with the collection of the JOA Debt, plus prejudgment interest at the statutory rate on the Lien Debt.

Exhibit A

40. Plaintiff has advanced the costs and expenses of maintaining and operating the Joint Property, but has not been reimbursed by DDS for its undivided share of such costs and expenses.

41. It would be inequitable to allow DDS to evade paying its undivided share of the costs to maintain and operate the property.

42. Plaintiff is entitled to a judgment in the amount of DDS' undivided share of the costs and expenses advanced by Plaintiff in operating and maintaining the Joint Property, plus interest at the statutory rate.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A. For a money judgment against DDS in the amount of the Total Debt as set forth in Count I;

B. That the Liens be foreclosed and the Liened Property, which includes all of the Joint Property, be sold at foreclosure sale, without appraisement, and all subordinate and inferior liens be extinguished; that, in the event of such foreclosure sale, the proceeds from such sale be applied as set forth in Count II, paragraph 33; that in the event of such foreclosure sale, DDS be barred from claiming any further interest in and to said; and

C. For such other equitable and legal relief as the Court may find just and proper

Respectfully submitted,

MORRIS, LAING, EVANS, BROCK
& KENNEDY, CHARTERED

By /s/ Ryan M. Peck
Jeffrey L. Carmichael, #11085
Ryan M. Peck, #21223
Jonathan A. Schlatter, #24848
*Attorneys for Plaintiff*

Exhibit A