IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| U.S. ENERGY EXPL. CORP., *Plaintiff,* vs. DIRECTIONAL DRILLING SYSTEMS, LLC, *Defendant.* | Case No. 21-1055-EFM |

**MEMORANDUM AND ORDER**

By its Order of September 29, 2022, the Court found that the parties had agreed to the material terms for the resolution of the action, and granted the motion of Defendant Directional Drilling Systems for entry of a consent judgment. The Judgment included an award to Plaintiff U.S. Energy Expl. Corp. of its costs and "reasonable attorney fees . . . in an amount to be determined by the Court upon application by Plaintiff."

Plaintiff subsequently submitted an application for $98,394.63 in attorney fees and $2,645.11 in costs. The affidavit attached to the application lists the hourly rates (ranging from $180 to $390 per hour) of nine Morris Laing Law Firm attorneys, and states that they have collectively spent 463.9 hours representing the Plaintiff. The application does not indicate the amount of time worked by particular attorneys, nor does it provide any itemized invoices or billing statements.

In its response, Defendant complained that Plaintiff had failed to comply with D. Kan. R. 54.1, which requires an itemization of costs, and had failed to document that its request was reasonable under the standards for such fees as set forth in Kansas Rule of Professional Conduct 1.5(a), and as recognized by this Court in cases such as *Bank Midwest v. Millard*.[1]

Plaintiff then replied that in light of the consent judgment, "the fee application is based on a contract agreed to between the parties," and that because its "application is not based on an analysis of statutes or rules, . . . this application should be decided based on the agreement of the parties." One day after filing its Reply, Plaintiff filed a Notice, offering to "provide a chambers copy of its invoices for the Court to review *in camera* to aid in rendering its decision."

Defendant then moved to strike the Notice, arguing it was an unauthorized surreply.

Plaintiff supplies no authority for the proposition that, simply because its request for fees is contractual rather than statutory in nature, it can dispense with the ordinary standards for such fees. Neither Fed. R. Civ. Pr 54(d)(2)(C) (which authorizes the court to "receive[e] submissions on the value of [attorney] services") nor Local Rule 54.1 (governing costs) is limited to awards of statutory fees. Further, "[a]lthough Local Rule 54.2 applies by its terms to statutory attorneys' fees, the court routinely directs parties to its provisions for contractual fee disputes as well."[2]

---

[1] 2012 WL 5876643, at *1 (D. Kan. 2012). *See also Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1250 (10th Cir. 1998) (requiring "meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allocated to specific tasks.").

[2] *Ross v. Rothstein*. 2013 WL 11350360, at *9 n. 9 (D. Kan. 2013). *See also Ross v. Rothstein*, 92 F. Supp. 3d 1041, 1063 (D. Kan. 2015) (finding Magistrate Judge "correctly concluded that the plain language of the parties' contracts require plaintiff to pay defendant's reasonable attorney's fees, and she properly recommended that the fee application process established by Fed.R.Civ.P. 54(d)(2) and D. Kan. Rule 54.2 shall govern the Court's determination of that amount."); *Am. Multi-Cinema, Inc. v. Southroads, LLC*, 119 F. Supp. 2d 1190, 1215 (D. Kan. 2000) (ordering the parties to comply with D. Kan. Rule 54.2 when making a request for attorneys' fees under a lease agreement).

Thus, "[w]hile the courts do not apply the same 'close scrutiny' to contract-based fee awards employed for statutory fee awards, a trial court, in its discretion, may deny or reduce the fees sought by contract if such an award is inequitable or unreasonable," based on "the familiar factors considered in awarding statutory fees."[3]  Thus, in *Midwest v. Millard,* the case cited by Defendant and ignored by Plaintiff, the court granted attorney fees based on an express contractual provision after the plaintiff had "submitted detailed evidence" on the reasonableness of its request.[4]

**IT IS THEREFORE ORDERED** that, consistent with the Notice filed by Plaintiff, Plaintiff shall have ten days from the date of this Order to deliver to the chambers of the undersigned copies of its invoices for its fees and costs, and shall make copies of the same available to Defendant.  Defendant shall then have fourteen days to lodge objections to Plaintiff's request, after when Plaintiff may submit a reply within ten days.  The Motion to Strike, Doc. 60,  is **DENIED.**

**IT IS SO ORDERED**.

Dated this 16th day of November, 2022.

*/s/ Eric F. Melgren*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Ross v. Rothstein, 2016 WL 274878, at *4 (D. Kan. 2016) (citations omitted).

[4] 2012 WL 5876643, at *1 n. 3).  .