## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

U.S. ENERGY EXPL. CORP.,

       *Plaintiff,*

  vs.

DIRECTIONAL DRILLING SYSTEMS,
L.L.C.,

       *Defendant.*

Case No. 21-1055-EFM

## MEMORANDUM AND ORDER

Plaintiff U.S. Energy Expl. Corp. and Defendant Directional Drilling Systems participated in an agreement to jointly operate certain oil and gas wells, but subsequently fell into dispute over their obligations and brought various legal actions against each other.  After the Court concluded that the parties had agreed to enter a Consent Judgement to resolve their federal claims, the Court awarded Plaintiff its reasonable attorney's fees.  Plaintiff has filed its Motion for Attorney Fees and Costs (Doc. 56), and Defendant has objected both to the award of any fees at all, as well as advancing specific objections to particular elements of the fee request.  For the reasons provided below, the Court grants in part and denies in part Plaintiff's motion.

## I.      Procedural Background

Both parties submitted different interpretations of the terms of the settlement reached by the parties.  Plaintiff presented a Journal Entry of Judgment prepared during the course of the negotiations which did not resolve all the claims in the case.  In its Order of September 29, 2022, the Court found no evidentiary support for any agreement as to the supposed version offered by Plaintiff, and found instead that the Consent Judgment presented by Defendant, which did fully resolve all the claims advanced in the action, reflected the version of the settlement actually agreed to by the parties.

Consistent with that determination, on October 15, 2022 Plaintiff submitted the Motion which is now before the Court, which sought $98,381.55 in attorney's fees, and $2,645.11 in costs. Plaintiff attached to the motion an affidavit setting forth the respective billing rates of the individual attorneys employed on its behalf, but failed to otherwise present any documentation in support of the fee request.  Defendant objected to the lack of documentation, and billing records were subsequently presented *in camera* to the Court and to Defendant.  Defendant subsequently filed renewed objections to the fee award, and Plaintiff has filed a reply to those objections.

## II.     Legal Standard

Federal Rule of Civil Procedure 54(d) provides that requests for attorney's fees generally must be made by motion, and that local rules may provide for procedures to resolve fee requests without "extensive evidentiary hearings."  The Court has broad authority over an award of attorneys' fees.[1]  The party seeking fees bears the burden of showing that the requested rates "are

---

[1] *Law v. Nat'l Collegiate Athletic Ass'n*, 4 F. App'x 749, 751 (10th Cir. 2001*); United Phosphorus, Ltd. v. Midland Fumigant, Inc*., 205 F.3d 1219, 1234 (10th Cir. 2000).

in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."[2]  When determining whether a requested fee award is reasonable, "a court must begin by calculating the so-called lodestar amount of a fee" which is "the product of the number of attorney hours reasonably expended and a reasonable hourly rate."[3] The Court may adjust the lodestar amount upward or downward " 'to account for the particularities of the suit and its outcome.' "[4] This approach requires the court to consider the factors in *Johnson v. Georgia Highway Express, Inc.*[5]  These *Johnson* factors are:

> (1) time and labor required; (2) novelty and difficulty of the questions presented in the case; (3) skill requisite to perform the legal service properly; (4) preclusion of other employment by the attorneys due to acceptance of the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or circumstances; (8) amount involved and results obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases.[6]

These factors are similar to those recognized in Rule 1.5 of the Kansas Rules of Professional Conduct, which provides eight factors to be used in determining whether a fee is reasonable:

> the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the

---

[2] *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998) (citation and internal quotation marks omitted).

[3] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (citations and internal quotation marks omitted)).

[4] *Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1254 (D. Kan. 2017) (quoting *Zinna v. Congrove*, 680 F.3d 1236, 1242 (10th Cir. 2012)).

[5] 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989)

[6] *Id.* at 717-19.

locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent.[7]

Courts applying Rule 1.5 give these factors equal weight in their analysis of fee requests.[8]  These standards set forth in the Kansas Rules of Professional Conduct are also applicable to actions in the District of Kansas, pursuant to local rule.[9]

## III.    Analysis

Plaintiff provided no documentation or argument to support its original claim for attorney fees.  When Defendant objected to this claim as excessive and unsupported, Plaintiff responded only with the argument that, because its claim from attorney fees is grounded in contract rather than statute, it is not subject to such analysis.

Plaintiff cited no authority for this claim, and in its Order of November 16, 2022, the Court observed that the claim is contrary to previous decisions in this District.  In addition to the authorities cited in that Order, the Court would add the conclusions of Judge Crow:

> But where the contractual attorneys' fee provision has a reasonableness limitation, the Tenth Circuit has held that "[t]he Kansas Supreme Court would instead most likely require the party seeking payment to justify the reasonableness of the fees by reference to Rule 1.5 of the Kansas Rules of Professional Conduct." *Westar Energy*, [*Inc. v. Lake*,] 552 F.3d [1215,] 1229 [(10th Cir. 2009)].  This is consistent with Kansas Court of Appeals cases which have examined fee-shifting contracts

---

[7] Kan. R. Pro. Conduct 1.5(a).

[8] *Johnson v. Westhoff Sand Co.*, 281 Kan. 930, 135 P.3d 1127, 1142 (2006) ("KRPC 1.5 contains nothing that suggests one factor is to dominate the other seven, *i.e.*, that the one creates a presumption that controls unless and until it is rebutted by the others, whether solely or collectively.").

[9] D. Kan. R. 83.6.1(a).

providing for "reasonable" attorneys' fees and held that the burden is on the person seeking the fees to show their entitlement to such an award.[10]

Here, the JOA specifically provides that Plaintiff may recover "reasonable attorney's fees." Accordingly, the burden is on the Plaintiff to show that its request for fees is reasonable under the provisions of Rule 1.5 of the Kansas Rules of Professional Conduct.

Following the Court's Order, Plaintiff supplied *in camera* billing records for the period from 2021 to 2022. Plaintiff did not submit any additional explanation or discussion of its fee request.

As noted earlier, Defendant then filed multiple objections to the fee request now submitted by Plaintiff. It argues that the fee award of $98,381.55 in attorney fees and $2,645.11 in costs is per se unreasonable, given that the value of the property in dispute is roughly $147,000. Defendant argues that this unreasonableness is further indicated by its expression of its willingness to settle the case at mediation for $140,000.

In addition, Defendant questions specific fee requests, including the $7000 charge for the attendance of three partners an August 12, 2021 mediation contract. Defendant also argues the Court should not make any award for services related to the federal partition or trade secret claims, or to a separate state action now pending before the Kansas Court of Appeals. Defendant also argues against any award of the costs for employment of the mediator, alleging that Plaintiff expressly agreed that the costs of mediation should be split.

Plaintiff's cursory three-page reply wholly fails to address either the objections of Defendant or the concerns expressed by the Court in its prior Order. Instead, the reply merely

---

[10] *TST Truck Ins., Ltd. v. First Nat. Bank of Wamego*, 2014 WL 1047993, at *13 (D. Kan. 2014) (additional citations omitted).

asserts that the fee award is appropriate in light of the circumstances of the case, stressing that some sixty pleadings are on file on the docket in the present case, and there some five cases between the parties. Plaintiff also claims that Defendant's counterclaims were "launched in a clear attempt to stall, delay, and needlessly drive up the cost of litigation," and accuses Defendant of violating Rule of Evidence 408(a), which bars evidence of offers of settlement, and generally condemns Defendant of engaging in a "pattern of bad-faith litigation tactics, frivolous filings, and arguably sanctionable behavior."

Other than the bare fact of the allegation itself, Plaintiff supplies no support for its claim that the Defendant's objections to the fee award violated Rule 408(a). That Rule provides that a party may not use evidence from settlement negotiations "either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction."[11] But the present action has been settled, and Defendant's objections were not offered to the establish the true value of Plaintiff's claim, or to impeach any particular statement of any party. The objections were offered in response to Plaintiff's request for attorney fees, and the Court's requirement that Plaintiff demonstrate its fee requests was reasonable. Rule 408 does not preclude courts from considering the course of settlement negotiations in weighing a plaintiff's success for purposes of awarding attorney fees.[12]

Plaintiffs description of the supposedly extensive litigation between the parties also requires substantial modification. The first action (No. 21-1051) was filed by Directional Drilling

---

[11] Fed. R. Evid. 408(a).

[12] *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 460–61 (9th Cir. 2013); *see also Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011) (*per curiam*) (holding that a court may "consider[] settlement negotiations for the purpose of deciding a reasonable attorney fee award.").

on February 23, 2021. It dismissed the action shortly afterwards, with no answer or other response by U.S. Energy.  Directional Drilling subsequently filed two partition actions in Butler County, Kansas District Court.  On September 24, 2021, U.S. Energy removed those actions to this Court as Case Nos. 21-1231 and 21-1232.  Nothing of substance has occurred either action, and the cases were consolidated with the present action on October 21, 2022.

The present action was itself filed by Plaintiff on February 24, 2021, and removed by Defendant shortly the following day.  Plaintiff asserted claims for breach of an April 16, 2018 Joint Operating Agreement ("JOA,"), foreclosure of liens, and unjust enrichment.  Defendant submitted an answer and advanced five counterclaims.

The parties conducted an initial round of discovery, and Plaintiff gave notice of three depositions, but these never took place.  The Court granted Plaintiff's motion asking for the dismissal of one of Defendant's five counterclaims.  Otherwise, a simple count of the number of docket entries in the case greatly overstates the complexity of the action, as many of the entries are merely administrative notations reflecting matters such as the receipt of state court records, the designation of the place of trial, and extensions of time to respond.

Plaintiff's latest reply thus offers no rejoinder to the *substance* of Defendant's specific objections, and only groundless attacks on the motivation behind them.  Plaintiff has not offered anything in the way of evidence to support its claims of bad faith other part of Defendant.  The only information before the Court is that claims relating to partition and trade secrets were advanced by Defendant in the various actions brought in this District, but that these were not successful.  The Court agrees with Defendant that the total award requested by Plaintiff does not reflect a reasonably attorney fee.

Accordingly, the Court will turn to those objections raised by Defendant to determine whether they offer sufficient grounds for determining whether particular elements of fee request are unreasonable. Defendant offers the following specific challenges to Plaintiff's fee itemizations: (1) that the fee relates to a separate state court action which is currently before the Kansas Court of Appeals, (2) that the services exclusively relate to partition claims or trade secrets claims which do not arise from the JOA, (3) that the itemization reflects a combination of compensable and noncompressible services, (4) that the Plaintiff should not be awarded fees after it agreed to the Consent Decree and its groundless attempt to challenge the settlement, and (5) billing for services which are either block-billed or so vague as to be meaningless. Those specific objections may be reflected in the following table, along with the Defendant's respective exhibits which collect the challenged entries, as well as the Court's calculation of the resulting affect on the total fee award.

| Reason for Reduction | Dollar Amount | Exhibit |
|---|---|---|
| State court action | 2,147.50 | A |
| Partition claims | 11,741.50 | B |
| Trade Secret claims | 6,980.50 | C |
| 50% reduction for mixed services | 11,929.63 | D |
| Challenge to the consent decree | 20,673.50 | E |
| Block billed invoices | 9,571.50 | F |
| Purely generic descriptions | 4,493.50 | G |
| | | |
| **Total Reduction** | 67,537.62 | |
| **Resulting Attorney Fee** | 30,843.92 | |

Defendant further argues that Plaintiff's request for costs in the amount of $2,645.11 should also be reduced. Included in the request is the payment of $1,397.40 "for half the cost of a mediation." However, Defendant alleges that the parties separately agreed to split the cots of mediation, and that Plaintiff should not be able to subsequently attempt to shift the burden for its

half of the mediation to Defendant. Accordingly, it argues that costs in the case should be limited to $1,247.71.

Beyond these specific challenges, Defendant also argues that the Court should grant no award at all because (1) Plaintiff failed to provide information "regarding the attorneys and their relevant experience" sufficient to show "whether their rates are reasonable," (2) the billings only provide information as to "date, attorney, description, and total charge," with "no time entry" for individual billings, and (3) a failure to consult.

The Court finds that these rationales do not support a complete denial of attorney fees. Information as to the attorneys involved in the action and their respective hourly rates is set forth in the affidavit attached to Plaintiff's original fee application.  The Court finds that these hourly rates are reasonable for attorneys in the Wichita area practicing oil and gas litigation.  Further, from these rates and the individual charges, the Court can determine how much time each attorney spent on a given task.  Defendant argues that the burden of making such calculation should not be placed on the Court.  The Court agrees, and observes that the better practice is that the party applying for fees should provide such calculations.  Nonetheless, the Court's investigation of the billing charges fails to reveal any instance in which the time spent on a given task was itself unreasonable.

The Court in its discretion finds that the alleged failure to consult is not itself grounds for rejecting the fee award in its entirety.  Defendant cites Local Rule 54, which requires that parties attempt to consult and agree on the issue of attorney fees before filing any motion seeking such relief.  However, by its terms the Rule applies expressly only to "[a] party who moves for statutory

attorney's fees."[13]  Again, although attempted consultation is certainly the better practice in cases where a party is seeking contractual attorney fees, it is not required under the cited rule, and the Court will not deny Plaintiff fees completely on those grounds.

However, the Court reaches a different result with respect to the Defendant's objections to particular elements of the requested fee award.  In reaching this conclusion, the Court observes the Consent Judgment did not purport to provide Plaintiff with any and all fees it may have expended on any of the litigation between the parties.  Rather, in granting Defendant's motion for entry of Consent Judgment, the Court simply agreed that the negotiations between the party established they had agreed settle their dispute.  It therefore adopted the Consent Judgment's provision that "Plaintiff is awarded costs as well as its reasonable attorneys' fees incurred in this action *as provided for in the JOA*, in an amount to be determined by the Court upon application by Plaintiff. Defendant may respond to Plaintiff's application."

The fees award therefore turns on the 2018 JOA.  That Agreement provided that "[i]n the event any party is required to bring legal proceedings to enforce any financial obligation of a party hereunder, the prevailing party in such action shall be entitled to recover all court cots, costs of collection, and a reasonable attorney's fee."  Thus, by its express terms the JOA only grants attorney fees for a party enforcing those rights arising *under the contract*.

Plaintiff cites to a separate section of the JOA—Exhibit C, Accounting Procedure, I.3.B. ADVANCES AND PAYMENTS BY THE PARTIES— which generally provides for attorney fees in connection with collecting unpaid obligations, without expressly requiring the fee be reasonable.  But Exhibit C is not a separate agreement; it is expressly "part of that [Joint] Operating

---

[13] D. Kan. R. 54.2(a).

Agreement, dated April 16, 2018," that is Exhibit A.  As noted above, Article VII of Exhibit A, governing "LIABILITY OF THE PARTIES," expressly provides that the recovery of "a *reasonable* attorney's fee" in an action "to enforce *any* financial obligation" under the JOA. Plaintiff cannot divorce Exhibit C from the rest of the JOA.  Read together, the broad terms of the JOA do not permit the recovery of a fee in excess of what is reasonable.

Moreover, the parties agreed to resolve the action by means of the Consent Judgment.  That Consent Judgement expressly provides that "Plaintiff is awarded costs as well as its *reasonable* attorneys' fees" under the JOA.  (Emphasis added).  Thus, both the original JOA and the Consent Judgment require that an award of attorney's fees be reasonable.

The 62-page JOA contains many provisions governing the obligations of the parties, but Plaintiff points to nothing in the agreement which authorizes partition actions or trade secrets claims.  Defendant's trades secrets claim and its request for partition were founded on independent statutory grounds, not the JOA.  Similarly, Plaintiff's request for Partition, as expressed in its November 24, 2021 Answer to Counterclaims and Restatement of Claims Previous Pled, asserted that "[t]he Joint Property is subject to partition pursuant to K.S.A. 60-1003."

That Kansas statute provides:  "The court shall have full power to make any order not inconsistent with the provisions of this article that may be necessary to make a just and equitable partition between the parties, and to secure their respective interests, or may refuse partition if the same would result in extraordinary hardship or oppression."[14]  Courts have recognized that the

---

[14] K.S.A. 60-1003(d).

statute grants "broad authority to make almost any order necessary to make a just and equitable partition to secure the parties' respective interest."[15]

Such claims rest on fairness and equity rather than the letter of the JOA. Plaintiff acknowledged as much in its November 24, 2021 Count III Partition claim, which agrees that some partition is necessary, without citing to any specific provision of the JOA. Rather, Plaintiff argued both partition and sale of the resulting interests were necessary as a equitable matter because the jointly owned wells "are intertwined through the SWD [Salt Water Disposal] System and rely on the SWD System to be economically operated and developed."

The parties' competing partition claims thus rest on matters outside the JOA, and do not reflect any attempt to "enforce [an] obligation of a party hereunder" under that Agreement. Similarly, Defendant's Trade Secrets claim do not touch on any obligations under the Agreement.

The Court's analysis of the specific challenges by Defendant to charges identified in the table indicates that these charges are unrelated to any specific dispute over the JOA, and are not reasonable. Had Plaintiff wished for a broader award of fees, one which encompassed fees for all attorneys services in any action upon any issue raised in any case, it could have bargained for such language in either the JOA, or in the subsequent Consent Judgment. But it did not do so, just as it has not articulated any specific defense of its fee request in any of the four opportunities it has had to do so — its original motion, its response to Defendant's first objections, at the time its invoices were submitted to the Court in response to the Order of November 16, 2002, or its reply to Defendant's second set of objections. Rather than providing any sustained defense of its specific fee requests, Plaintiff has instead relied on clearly incorrect legal arguments (that a fee request

---

[15] *In re Gibler*, 638 B.R. 190 , 195 n. 46 (D. Bankr. Kan. 2022) (citation omitted)

premised on contract is not subject to a reasonableness inquire) or entirely unfounded allegations of bad faith and frivolous litigation.

The Court concludes that Plaintiff has not meet its burden to show the additional fees itemized in the table above are reasonable.  Further, Plaintiff's final reply does not controvert Defendant's contention that the parties agreed to split the cost of mediation.  As a result, the Court grants Plaintiff's Motion for Fees and Costs to the extent that Plaintiff is hereby awarded attorneys fees in the amount of $30,843.92, and costs in the amount of $1,247.71.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Attorney Fees and Costs (Doc. 56) is hereby **GRANTED IN PART** and **DENIED IN PART**, as provided herein.

**IT IS SO ORDERED**.

Dated this 30th day of January, 2023.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE